IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-017 |
| | ) |
| ELIZABETH JEAN PATTERSON | ) |

## **O R D E R**

By judgment entered October 18, 2018, this Court sentenced the defendant to a term of imprisonment of 180 months. The defendant is presently housed at FCI Aliceville with a projected release date of June 2, 2032. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 26, 2021).

Now before the Court is the defendant's *pro se* "Motion for Hardship credit for Hard time Served." [Doc. 1780]. Therein, the defendant asserts that her prison has been in an extended state of lockdown amounting to cruel and unusual punishment, and she asks this Court to award her "two days credit for one served for the time she has been locked down in FCI Aliceville due to Covid-19." The United States has responded in opposition to the motion [doc. 1781], and the defendant cites no statutory authority by which this Court could grant such relief.

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "[T]wo statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255, both of which are plainly inapplicable here." *United States v.*

*Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005).

Section 3582(c) of Title 18 also provides three avenues for sentence reduction. Section 3582(c)(1) allows district courts to reduce a sentence based on a defendant's age or upon a showing of "extraordinary and compelling reasons," but only after a movant has exhausted her administrative remedies. The instant defendant makes no reference to § 3582(c)(1) nor has she provided documentation of her exhaustion of administrative remedies.

Section 3582(c)(2) authorizes a sentence reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The present defendant does not argue that her guideline range has been lowered.

Rule 35 is also inapplicable to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the Court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed. Further, no "arithmetical, technical, or other clear error" has been cited in this case.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows courts to correct a "clerical error" or "an error in the

record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, not to cure "unexpressed sentencing expectations." *Robinson*, 368 F.3d at 656-57. Again, no such error is cited by the defendant, and the Court is aware of none.

Ultimately, the defendant raises arguments pertaining to her conditions of confinement. Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). Again, there is no evidence that this defendant has exhausted her administrative remedies, nor is she incarcerated in this judicial district.

The Court sympathizes with the concerns cited in the defendant's motion but, as explained herein, is without authority to grant the requested relief. The defendant's motion [doc. 1780] must therefore be **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge